UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEON NEAL JONES, CDCR #H-84601, <br><br> Plaintiff, <br><br> vs. <br><br> DR. AJMEL SANGHA, M.D.; K. WYATT, R.N.; DR. IRENE PULIDO, M.D., <br><br> Defendants. | Civil No.   14cv2828 GPC (PCL) <br><br> **ORDER:** <br><br> **(1) DIRECTING CLERK OF COURT TO FILE COMPLAINT** <br><br> **(2) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF Doc. No. 1)** <br><br> **AND** <br><br> **(3) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

Cleon Neal Jones ("Plaintiff"), currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, initiated this civil action rights action pursuant to 42 U.S.C. § 1983 in the Central District of California.

Plaintiff did not prepay the civil filing and administrative fees required by 28 U.S.C. § 1914(a) at the time he initiated the action; instead, he submitted a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 1).

United States Chief District Judge George H. King determined that venue was improper, and transferred the case to this Court, pursuant to 28 U.S.C. § 1406(a). Because Plaintiff's Complaint was "lodged" at the time he initiated this action, this Court directs the Clerk of Court to file Plaintiff's Complaint (ECF Doc. No. 1-1) as a separate docket entry.

## I.    PLAINTIFF'S MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. Id.

$10, and forwards them to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. Andrews, 398 F.3d at 1119. Plaintiff's trust account statement shows no monthly deposits or balance and a current available balance of zero at the time he submitted it for filing. See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); Taylor, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available.").

Therefore, the Court grants Plaintiff's Motion to Proceed IFP (Doc. No. 1), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees required by 28 U.S.C. § 1914(a) will be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

Notwithstanding IFP status or the payment of any filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); Rhodes v.

Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." Id.

### A.    42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

/ / /

/ / /

### B. Inadequate Medical Care Claims

Plaintiff claims that Defendants violated his right to adequate medical care when they scheduled him for a "routine evaluation of my problem" which he believes resulted in a loss of his vision. (Compl. at 5.) Plaintiff alleges that he had to wait an additional eleven days for an examination because Defendants failed to schedule an "emergency" evaluation. (Id.)

As to his medical care claims, only "deliberate indifference to a serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). First, Plaintiff must allege a "serious medical need" by demonstrating that "failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing Estelle, 429 U.S. at 104). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." Id. at 1059-60.

Here, Plaintiff contends he suffers from permanent loss of vision in his right eye. See Compl. at 1. Thus, the Court will assume, for purposes of screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, that he had a serious medical need. See id. at 1059.

However, even assuming Plaintiff's medical condition and/or pain was sufficiently objectively serious to invoke Eighth Amendment protection, he must also include in his pleading enough factual content to show that Defendants' actions were "deliberately indifferent" to his needs. Id. at 1060; see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "This second prong–defendant's response to the need was deliberately indifferent–is satisfied by showing (a) a purposeful act or failure to respond to [the] prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," and claims of

medical malpractice or negligence are insufficient to establish a constitutional deprivation. Simmons v. Navajo County, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004)).

As currently pleaded, Plaintiff's Complaint alleges that he had a loss of vision in his right eye on September 2, 2013. (See Compl. at 5.) He claims he "informed head R.N. Nurse K. Wyatt who could not diagnose the problem." (Id.) Plaintiff claims Defendants were deliberately indifferent by ordering a routine examination eleven (11) days later instead of prioritizing Plaintiff's examination as an emergency. (Id.)

"Deliberate indifference" is evidenced only when a prisoner can show that the official he seeks to hold liable "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Specifically, Plaintiff must allege "factual content," Iqbal, 556 U.S. at 678, which demonstrates "(a) a purposeful act or failure to respond to [his] pain or possible medical need, and (b) harm caused by the indifference." Wilhelm v. Rotman, 680 F.3d 1113, 1122 ((9th Cir. 2012) (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Here, while Plaintiff may not have agreed with Defendants decision to categorize his medical issue as "routine," his disagreement, without more does not provide sufficient "factual content" to plausibly suggest that any of the named Defendants acted with deliberate indifference. Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it ask for more than the sheer possibility that a defendant has acted unlawfully,"). "A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th

Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23. Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)) (internal quotation marks omitted).

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment inadequate medical care claim against any of the named Defendants, and that these claims must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). See Lopez, 203 F.3d at 1126-27; Resnick, 213 F.3d at 446.

Because Plaintiff is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to "effectively" amend. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)).[2]

### III.  CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Clerk of Court is directed to "file" Plaintiff's Complaint, which is currently "lodged" as docket entry 1-1, as a separate docket entry.

2. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. Nos. 1) is **GRANTED**.

3. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward

---

[2] Finally, the Court notes that Plaintiff concedes that he has not exhausted all administrative remedies as are available pursuant to 42 U.S.C. § 1997e(a), see Jones v. Bock, 549 U.S. 199, 216 (2007). Plaintiff is hereby advised that "[t]he available remed[y] must be 'exhausted' *before* a complaint under § 1983 may be entertained." McKinney v. Carey, 311 F.3d 1198, 1199 (quoting Booth v. Churner, 523 U.S. 731, 738 (2001) (emphasis added)). "Exhaustion subsequent to the filing of suit will not suffice." Id.

1 payments to the Clerk of the Court each time the amount in the account exceeds $10 in
2 accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY
3 IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4    4.   The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

7    **IT IS FURTHER ORDERED** that:

8    5.   Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is entered into the Court's docket in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading.  *See* S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

Should Plaintiff fail to file an Amended Complaint within the time provided, the Court shall enter a final Order dismissing this civil action without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

22   6.   The Clerk of Court is directed to mail a court approved civil rights form to Plaintiff.

DATED: January 16, 2015

HON. GONZALO P. CURIEL
United States District Judge