# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEON NEAL JONES, CDCR #H-84601,<br><br>            Plaintiff,<br>vs.<br>DR. AJMEL SANGHA, et al.,<br><br>            Defendants. | Civil No.   14cv2828 GPC (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 10)** |

## I.  Procedural History

Plaintiff, an inmate currently housed at Centinela State Prison, is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.  On February 17, 2015, the Court dismissed Defendant Wyatt from the action and directed the United States Marshal's Service to effect service of the First Amended Complaint ("FAC") upon the remaining Defendants. (ECF No. 6.)  Plaintiff has filed a "Reconsideration of Order of Dismissal of Defendant K. Wyatt." (ECF No. 10.)

## II.  Plaintiff's Motion

### A.  Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.  However, a motion requesting reconsideration of a matter previously

decided may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c)(1). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) other reason that justifies relief. FED.R.CIV. P. 60(b).

### B. Plaintiff's claims

In Plaintiff's First Amended Complaint, he alleges that he was examined by Defendant K. Wyatt on September 2, 2013. (FAC at 3.) Plaintiff claims he told Defendant Wyatt that he had "suddenly lost vision in my right eye." (*Id.*) Plaintiff alleged that Defendant Wyatt should have treated his "injury as an emergency that day" but instead she "chose to wait until the next day" to inform the prison's chief medical officer of Plaintiff's injury. (*Id.*)

The Court found in the March 23, 2015 Order that these claims did not rise to the level of "deliberate indifference" required to state an Eighth Amendment medical care claim. (ECF No. 7 at 5; citing *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (holding that a "difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference.")

In his motion for reconsideration, Plaintiff again argues that Defendant Wyatt did not "act in accordance with the rules" which he cites as the California Code of Regulations definition of a "medical emergency." (Pl.'s Mot. at 1-2.) He further claims that "Defendant should have known that a sudden loss of vision if left untreated could result in serious harm to Plaintiff's vision. " (*Id.* at 2.) "In order to show deliberate

indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Here, Plaintiff's claims sound in negligence, as well as a difference of opinion, rather than deliberate indifference.

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2013) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)).

### III.  Conclusion and Order

Accordingly, Plaintiff's Motion for Reconsideration brought pursuant to FED.R.CIV.P. 60 (ECF No. 10) is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: May 4, 2015

HON. GONZALO P. CURIEL
United States District Judge